THE BELMONT MOTORS CORPORATION, PLAINTIFF, v. IRVINGTON CONCRETE BLOCK COMPANY AND TONY GIARDINA, ALSO KNOWN AS ROSARIO GIARDINA. DEFENDANTS-RESPONDENTS, AND SAMUEL W. BERLOWE AND PACIFIC FINANCE CORPORATION, DEFENDANTS-APPELLANTS.

Submitted November 5, 1925—Decided March 18, 1926.

Replevin—Motor Vehicle—Refusal to Nonsuit—Allegation That Appellees Established no Bill of Sale as Required by the Act of 1919 Will Not Defeat the Suit—Claim That Vendors of Giardina Had No Title to Convey Not Borne Out by Evidence.

On appeal from the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellants, *Harold Simandl*.

For the appellees, *Harry Greene*.

PER CURIAM.

The judgment under review was entered upon verdict in an action of replevin to recover possession of a motor truck.

Appellants urge that the judgment should be reversed because the learned trial judge refused to nonsuit the appellees.

This ground is urged for two reasons: The first is that the appellees established no bill of sale or manufacturer's receipt for the truck as required by the act entitled "An act relating to and regulating the sale and purchase of motor vehicles requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same, and providing penalties therefor," approved April 15th, 1919 (*Pamph. L.* 1919, *ch.* 168), and the supplements and amendments thereto.

This is fully answered against the contention of the appellants in *General Motors Acceptance Corp.* v. *Smith*, 3 *N. J. Adv. R.* 204.

The second reason is that the title to the motor truck was in the Belmont Motors Corporation and the Nonpariel Motors Corporation, from which Giardina purchased, had no title it could convey.

This we find to be not borne out by the testimony.

The judgment below is affirmed, with costs.